# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2010

No. 09-40450
Summary Calendar

Charles R. Fulbruge III
Clerk

KERRY JERMAIN WILLIAMS,

Plaintiff-Appellant

v.

COMMISSIONER,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-47

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kerry Jermain Williams, Texas prisoner # 865221, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint which he filed against Paul Kiel, a Texas Parole Commissioner.  Williams alleged in his complaint that Kiel had violated his equal protection and due process rights by treating him differently than other inmates with regard to parole decisions.  Williams further complained that Kiel denied him parole based on erroneous information.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams's appellate brief does not address the district court's reasons for dismissing his claims. Instead, he erroneously and conclusorily asserts that the district court erred in granting the defendant absolute immunity from declaratory and injunctive relief. Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). We will not raise and discuss legal issues that Williams has failed to assert; when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Williams has failed to brief any issue, his appeal is frivolous and is dismissed. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Williams's § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) and this court's dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Williams is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

DISMISSED; SANCTION WARNING ISSUED.