# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2012

No. 11-51143
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH A. DI RUZZO,

Plaintiff-Appellant

v.

JOE TABARACCI, in his Individual Capacity Only; JENNIFER COSTA, in her Individual Capacity Only; SUZANNE MITCHELL, in her Individual Capacity Only; ANNE CLEMENTS, in her Individual Capacity Only; OFFICER JOHN DOE, Board Member in his Individual Capacity Only; Presiding at the informal settlement Conference on May 21, 2011,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. 11-CV-679

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Joseph A. Di Ruzzo, pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against Defendants-Appellees, members and employees of the Texas Medical Board, on the grounds of qualified

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this order should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51143

immunity, absolute immunity, and *Younger* abstention. As we conclude that the Defendants are entitled to immunity from suit, and as Di Ruzzo has asserted no error with respect to abstention, we AFFIRM the dismissal.

## I.

Di Ruzzo's amended complaint alleges that the Defendants violated his constitutional rights in the conduct of a hearing with regard to Di Ruzzo's alleged unlicensed practice of medicine. Specifically, Di Ruzzo objects to the denial of his request to make an electronic audio recording of the hearing and to the Board members' failure to produce copies of their oaths of office.

On October 31, 2011, the district court dismissed the complaint. Di Ruzzo appealed.

## II.

A district court's grant of a motion to dismiss is reviewed de novo, using the same standard as the district court. *Frank v. Delta Airlines, Inc.*, 314 F.3d 195, 197 (5th Cir. 2002). In ruling on a motion to dismiss, a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008) (internal quotation marks omitted). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

Di Ruzzo's complaint alleges that Defendants Joe Tabaracci, Jennifer Costa, and Suzanne Mitchell are counsel for the Texas Medical Board, and that John Doe is a Board member. It is well established that state agents performing quasi-judicial and quasi-prosecutorial functions are entitled to absolute immunity from suit. *See Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 (5th Cir. 2000); *O'Neal v. Miss. Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997). "Absolute immunity denies a person whose federal rights have been violated by a government official any type of remedy, regardless of the conduct."

No. 11-51143

*O'Neal*, 113 F.3d at 65. As we conclude that the counsel and members of the Texas Medical Board were performing quasi-prosecutorial and quasi-judicial functions with respect to the hearing regarding Di Ruzzo's alleged unlicensed practice of medicine, the district court's dismissal of the claims against Tabaracci, Costa, Mitchell, and Doe on absolute immunity grounds was proper.

Di Ruzzo's complaint alleges that Defendant Anne Clements is a senior investigator for the Texas Medical Board. A state agent performing investigative functions, as opposed to adjudicative or prosecutorial functions, is not entitled to absolute immunity. *Beck*, 204 F.3d at 636. However, as we conclude that Di Ruzzo has failed to allege the violation of a clearly established constitutional right, the district court's dismissal of the claims against Clements on the basis of qualified immunity was proper. *Id.* at 638.

Di Ruzzo's complaint requests injunctive relief from the alleged violations of his rights. "[Q]ualified immunity does not extend to suits for injunctive relief under § 1983." *Johnson v. Epps*, No. 10-60553, 2012 WL 2360133, at *5 (5th Cir. June 21, 2012). However, Plaintiff has failed to assert any error with respect to the district court's dismissal of his request for injunctive relief pursuant to *Younger* abstention principles. "We will not raise and discuss legal issues that [a pro se appellant] has failed to assert; when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that [issue]." *Williams v. Comm'r*, 362 F. App'x 422, 422 (5th Cir. 2010).

## III.

For the foregoing reasons, we AFFIRM the district court's judgment.